UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORA DE JESUS OLIVERA HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN MCALEENAN, et al.<br><br>Defendants. | Case No.: 20cv440-LAB (JLB)<br><br>**ORDER REQUIRING CORRECTED PROOFS OF SERVICE** |

    Plaintiff, who is represented by counsel, filed a petition for writ of mandamus on March 9, 2020, and a summons was issued the same day. On April 14, Plaintiff filed an incomplete proof of service. After that, she did nothing until on October 8, and the Court issued an order to show cause ("OSC") why the petition should not be dismissed without prejudice both for failure to serve and for failure to prosecute. The Court cautioned her that she had to show cause as to both, or this action would be dismissed without prejudice.

    Plaintiff's counsel filed a response to the OSC, conceding that her counsel had neglected to serve Defendants — who are all federal officers sued in their official capacities — as required under Fed. R. Civ. P. 4, but arguing that she had

done so on October 13. She conceded that failure to serve them was inadvertent and the Court's OSC prompted her to realize her error. She also conceded that mere oversight and inadvertent error does not rise to the level of excusable neglect. In order to avoid an unnecessary dismissal, the Court issued a second OSC, pointing out both that the proofs of service were defective, and also that Plaintiff had neglected to address her failure to prosecute. The Court gave her an opportunity to supplement her response.

Plaintiff has now filed a second response, which cures only some of the defects in the proofs of service and which offers no explanation for her six-month failure to prosecute. Instead, it offers Plaintiff's own analysis of the standard for dismissal for lack of prosecution.

If Plaintiff has already served the three Defendants as required under Fed. R. Civ. P. 4(m), she must file adequate proofs of service forthwith, and in no event later than **October 26, 2020**. Her proofs of service must show that the requirements for service under Fed. R. Civ. P. 4(i) have been met in full. They must show, for example, that both the summons and complaint were served, and that notice was mailed to each Defendant individually — not merely to their attorneys or to someone else in their respective agencies. As the Court explained in its last order to show cause, using the same form to prove service of process is unacceptable because it does not show service of both the summons and complaint.

In the interests of deciding the case on the merits if possible, Plaintiff has already been given two opportunities to show cause why the action should not be dismissed. She should not expect additional opportunities, nor is she entitled to

/ / /

/ / /

/ / /

/ / /

tutelage or assistance from the Court. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364–65 (9th Cir. 1986).

**IT IS SO ORDERED**.

Dated: October 21, 2020

*[signature]*
Honorable Larry Alan Burns
Chief United States District Judge